The ordinance in question is embraced within the general powers conferred upon the common council of the city of New-York by the Montgomery charter, granted on the 15th January, 1730. This charter authorizes the common council to make such ordinances as shall seem to be good, useful and necessary for the good rule and government of the body politic and of all officers, c., and inhabitants and residents of the city, c., provided they be not repugnant to the laws of England, or of the province of New-York. The complaint alleges that it having been found necessary, by the common council of said city, said council, on the 19th Sept., 1850, passed the ordinance in question. The making of this ordinance is claimed to be a valid exercise of power by the common council, under their general power to make police regulations. We are to presume that it was deemed, by the common council which adopted it, a good, useful and necessary regulation, for the good rule and government of the body corporate, and of the inhabitants of the city of New-York. The immediate object of its adoption was undoubtedly the protection of the persons and lives of the firemen of the city, upon whom the duty is imposed of entering buildings for the purpose of extinguishing fire; but the ultimate object was evidently the public benefit. We can see that a prudential regulation of this character, designed to diminish the hazard of discharging an important but perilous public duty, and thus to facilitate its performance, may be both useful and necessary, in securing the protection of the property of the inhabitants of the city. This regulation should not, in my judgment, be regarded as an unnecessary interference with the enjoyment of private property, but as a necessary restraint of the manner of exercising *Page 505 
individual rights over property to promote the general good. No individual has any right to complain of a law or police regulation which compels him so to exercise his rights of private property as not to injure others. (7 Cow., 352; id., 604.) It must be conceded, that a municipal corporation, under a grant of a general power to make police regulations, can require the citizens to exercise their rights of property in such a manner as to prevent its becoming pernicious to the citizens generally. (7Cow., 604; Bouv. Law. Dic., "Police.") A police regulation of this character cannot be said to interfere unnecessarily with the exercise of private rights, nor be considered as unreasonable. (24 Pick., 363.)
I think the ordinance in question may be sustained on the same principles as those on which rest the fire-laws prescribing the height, thickness of walls and materials of buildings within the city. They are equally police regulations, and both have the same object in view, the public benefit. The fire laws may be more immediately beneficial to the public, but the benefits, immediate and ultimate, which will flow from the regulation in question, are sufficiently apparent to require us to sustain it as a reasonable police regulation.
BROWN, J., being related to a party interested, expressed no opinion; all the other judges concurring,
Judgment affirmed.